SUSAN REICH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reich v. Commissioner
Docket No. 1262-79.
United States Tax Court
T.C. Memo 1981-53; 1981 Tax Ct. Memo LEXIS 695; 41 T.C.M. (CCH) 841; T.C.M. (RIA) 81053; February 10, 1981. Richard L. Feller, for the petitioner. Norman A. Segal, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency of $ 904.69 in petitioner's Federal income tax for 1974. The issue for our decision is whether the written separation agreement fixed any amount of the payments as child support so that, under section 71(b), [1] these amounts would not be includable in petitioner's gross income. [2]
*696 This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time she filed her petition, petitioner resided in New York, New York. Petitioner timely filed an individual Federal income tax return for 1974. On July 2, 1971 petitioner entered into a written separation agreement with her husband, Bernard Reich. The agreement provides, in part: 7. (a) Commencing immediately, the Husband shall, during his life, pay to the Wife weekly, for her support and maintenance and for the support and maintenance and education of the two Children the sum of money hereinafter indicated in this paragraph by sending such amount to the Wife each and every week: (i) The sum of $ 100.00; (ii) If during the 1970 calendar year, the gross income of the Husband, as shown on his Federal income tax return, exceeds $ 16,200.00, then and in such event, the weekly payments to be made to the Wife during calendar year 1971 shall include an additional sum of one fifty-second (1/52nd) part of 40% of the amount by which the Husband's gross income exceeds $ 16,200.00; (iii) *697 Commencing January 1, 1972 and thereafter, if during the prior calendar year, the gross income of the Husband as shown on his Federal income tax return shall exceed $ 16,200.00, then and in such event, the weekly payments to be made to the wife for the next ensuing calendar year shall include an additional sum of one fifty-second (1/52nd) part of 40% of the amount by which the Husband's gross income exceeds $ 16,200.00, up to a gross income of $ 25,000.00 per annum and 35% of the amount by which the Husband's gross income exceeds $ 25,000.00; (iv) Commencing July 1, 1975, an additional sum of $ 30.00. 8. (a) If the parties are hereafter divorced and the wife remarries, the payments required to be made by the Husband to the Wife shall be reduced by 40% beginning with the first week following such remarriage of the Wife and continuing, regardless of any subsequent change in the marital status of the Wife, during the joint lifetimes of the Husband and the Wife. (b) In the event that either or both of the Children shall attain the age of 21 years, die or marry, then the amount otherwise payable by the Husband to the Wife shall be reduced by 30% for each such child upon his or *698 her majority, death or marriage. 9. In addition to the other payments required by this agreement, the Husband shall reimburse the Wife for the medical, dental, surgical, hospitalization and nursing expenses of the Children in excess of $ 100.00 per annum incurred by the Wife on behalf of the Children during their minority. The Wife shall keep an accurate record of all such expenses and if any claim is made by the Wife under this paragraph, she shall submit to the Husband all bills and receipts representing such expenses. Prior to incurring any extraordinary medical, dental, surgical, hospitalization or nursin expenses, the Wife shall consult the Husband, if possible, and give reasonable consideration to recommendations and suggestions made by the Husband. For purposes of this paragraph, any payments made by the Wife on account of any medical insurance plan for herself and the Children shall be deemed to be a proper medical expense of the Children unless the Husband shall have obtained equivalent medical insurance coverage covering the Children at his cost and expense. 11. (a) The Wife hereby acknowledges that the provisions herein made for her support and maintenance and *699 that of the Children are fair, adequate and reasonable and satisfactory to her. (b) The parties respectively acknowledge that each has had independent legal advice by counsel of her and his own selection. The Wife accepts these provisions in full and final settlement and satisfaction of all claims and demands for alimony or for any other provisions for her support and maintenance, and fully discharges the Husband from all such claims and demands, except as provided for in this agreement. 13. Any claim, dispute or misunderstanding relating to payments (including, without limitation, premium payments) and/or reimbursements required to be made by the Husband to the Wife for her support or for the support of the Children or relating to any financial information or records required to be given by the Husband to the Wife or made available to the Wife by the Husband shall be submitted to arbitration by the American Arbitration Association in accordance with the existing rules of that Association. 14.This agreement contains the entire understanding of the parties, and there are no representations, warranties, covenants or undertakings other than those expressly set forth herein. *700 15. A modification or waiver of any of the provisions of this agreement shall be effective only if made in writing and executed with the same formality as this agreement. The failure of either party to insist upon strict performance of any of the provisions of this agreement shall not be construed as a waiver of any subsequent default of the same or similar nature. Subsequently, petitioner was granted an absolute divorce from Bernard Reich. While not merged in the decree, the above-mentioned separation agreement was incorporated by reference into the divorce decree. During 1974, petitioner received, pursuant to the terms of the separation agreement, a total of $ 7,504 from Bernard Reich. On her 1974 Federal income tax return, petitioner reported $ 2,870 as incme from alimony. Petitioner deemed the balance of $ 4,634 to be child support and thus did not report this amount as income. On his Federal income tax return for 1974, Bernard Reich deducted $ 6,864 as alimony payments; this deduction was increased to $ 7,504 after an audit by the Internal Revenue Service in Newark, New Jersey. As of December 31, 1974, no contingency provided for in subparagraphs (a) or (b) of *701 paragraph 8 of the separation agreement had occurred; that is, petitioner had not remarried nor had either minor child attained the age of 21 years, died, or married. Petitioner contends that her separation agreement fixed 40 percent of the periodic payments made by her former husband as alimony and 60 percent as child support and that the evidence shows that it is the intent of the parties that this ratio be the apportionment of the payments. In addition, petitioner argues for the admission of evidence relating to the 1972 and 1973 income tax returns of petitioner and her former husband, including the results of audits of Bernard Reich's 1972 return and claim for a refund for 1973, on the basis that this information shows the intent of the parties to the settlement agreement and thereby aids in an interpretation of this document. Respondent, by contrast, maintains that because the clear and unambiguous language of the written settlement agreement does not specify or fix any part of the payments as child support, none of the payments to petitioner qualifies as child support under section 71(b). Respondent, further, asserts the facts and exhibits set out in the Supplemental *702 Stipulation of Facts are irrelevant and inadmissible as a matter of law. Section 71(a) provides that the wife's gross income includes periodic payments received after and pursuant to a written separation agreement or divorce decree and because of the marital relationship. Section 71(b), however, provides that subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as support for the minor children of the husband. In Commissioner v. Lester, 366 U.S. 299 (1961), the Supreme Court held that: The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. * * * [366 U.S. at 303.] *703 The Court specifically rejected the argument that the parties' intent in formulating the agreement could be considered in determining whether any part of the payment constitutes child support. We, therefore, first, sustain respondent's objection to the admission of evidence bearing on the parties' intent as immaterial to the issue herein and second, hold that the language in the settlement agreement between petitioner and Bernard Reich does not sufficiently fix any amount of the payments as child support. The payments at issue were made to petitioner for her support and the support of her two children. There is nothing in the separation agreement to require petitioner to expand a specific amount on the support of the two minor children; therefore, under Commissioner v. Lester, supra, the full amount of the payments received by petitioner in 1974 from her former husband are includable in her gross income under section 71(a). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated. ↩
2. Both parties agree that if petitioner prevails that a part of the payments constitutes child support, petitioner is entitled to no dependency exemptions for her two minor children and if respondent prevails that all payments constitute alimony, petitioner is entitled to two dependency exemptions for her minor children.↩